# Eagle Beneficial Society's Appeal.

1. Land was bought subject to a mortgage, which recited that the mortgagor by an obligation of even date was bound to the mortgagee "in the sum of $3000 lawful money of the United States conditioned for the payment of $1500 of like lawful money, as in and by the said recited obligation, &c., will appear;" the bond was in "$3000 lawful silver money of the United States," conditioned for the payment of "$1500 of like lawful money." *Held*, that the mortgage would be discharged by its payment in lawful money of the United States of any description.

2. The question was one of lien and to be decided by inspection of the record when third persons are to be affected.

3. The statement "in lawful money," in the mortgage, is not helped by the reference to the bond.

4. The recital in the mortgage is to give notice of the character of the debt to be secured; and subsequent purchasers and mortgagees are not required by the reference to seek the bond unless the recital leads to something wanting in it.

5. The bond is the principal debt in law and governs the rights of the parties between themselves.

February 4th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Philadelphia*: No. 71, to July Term 1872.

The proceeding in this case commenced in the Court of Common Pleas, January 3d 1872, by the following petition, &c.:—

[Eagle Beneficial Society's Appeal.]

Thomas M. Montgomery, being duly sworn, deposes and says, that Joseph Perry purchased the premises situate, &c., in the city of Philadelphia, at sheriff's sale December 16th 1871; subject to a mortgage-debt of fifteen hundred dollars; the said mortgage bearing date April 11th 1831, payable in lawful money of the United States of America; which is now owned by the Eagle Beneficial Society, and is overdue; that the said purchaser being desirous of paying off the said mortgage, tendered to William F. Scheerer, attorney in fact for said society, the principal and interest of said mortgage in full to December 23d 1871, together with the cost of satisfying the same, on that day in legal tender notes of the United States of America. That the said William F. Scheerer refused to receive the said money or to satisfy said mortgage, alleging that the bond required the payment to be made in silver money.

Deponent petitions the said court to order and decree that the said Eagle Beneficial Society receive the principal and interest of said mortgage up to December 23d 1871 (the day upon which tender was made), in legal tender notes, and to satisfy of record the said mortgage, and he will, &c.

A rule on the Eagle Beneficial Society was thereupon on the same day granted to show cause why they should not receive the principal and interest on the mortgage, and the cost of entering satisfaction, and enter satisfaction on the record of the mortgage.

The society answered that they were willing to enter satisfaction, " whenever the said principal sum of one thousand five hundred dollars and the interest thereon, according to the condition of the bond in the said mortgage recited, shall have been fully paid to them.

" That it is true that the principal and interest to December 23d 1871, together with the costs of satisfying said mortgage, were on that day tendered to him in legal tender notes of the United States of America. That the same were refused by him, because according to the condition of the bond or obligation secured by ' said mortgage of said premises the said sum of one thousand five hundred dollars with interest is due and payable in lawful silver money of the United States of America, for which the said notes were and are not a legal and sufficient tender as he is advised and believes."

" The society were the assignees of a bond and mortgage dated April 7th 1831. The bond is in ' the sum of three thousand dollars lawful *silver* money of the United States of America, conditioned for the payment of the just and full sum of fifteen hundred dollars of *like* lawful money.' The mortgage recites as follows: ' Whereas the said R. O. in and by a certain obligation bearing even date herewith standeth bound unto the said I. S. in the sum of three thousand dollars lawful money of the United States con-

[Eagle Beneficial Society's Appeal.]

ditioned for the payment of fifteen hundred dollars of like lawful money, &c., as in and by the said recited obligation and the·condition thereof, relation being thereunto had, may more fully and at large appear.' The defeasance clause says, 'provided, &c., the said R. O. shall pay or cause to be paid, &c., the aforesaid debt or sum of $1500.'

The court (Finletter, J.) in deciding on the rule said :—

* * * "It is. further contended that the mortgage reciting a certain bond was notice to every purchaser of the property, of the existence of the bond, and it is his duty if he wanted to know the character of the bond to seek information as to its character, the property being bound as security for the performance of the conditions of the bond. This would be so.if the mortgage stipulated to pay the money mentioned in the bond. But if the mortgage calls for the payment of a specific sum and no more, the purchaser of the land was not bound to look beyond the mortgage. That was the instrument which created the lien upon the land. He was not required to look into a subordinate instrument for any condition which necessarily merged the higher security. Even if he had seen the bond, he would have had the right to suppose that the obligee had waived or cancelled the specific conditions of the bond in consideration of the higher and better security of the mortgage. The mortgagee is bound by the recitals in the mortgage. He undertakes to state the amount and kind of money mentioned in the bond, when he places the mortgage of record and will be held to have stated it truly. If he errs therein he must suffer the consequence, and not the innocent purchaser, who has relied upon the notice which he found upon the record.

"The requirements of the mortgage in this case will be satisfied by lawful money of the United States of any description. Rule absolute."

The society appealed to the Supreme Court and assigned for error the decree making the rule absolute.

*J. R. Rhoads*, for appellants.

*J. D. O'Bryan*, for appellees.

The opinion of the court was delivered, February 9th 1874, by
AGNEW, C. J.—No question is made as to the operation of the Legal Tender Acts of Congress; but the controversy here arises upon a variance between the recital in the mortgage, and the terms of the bond to which it refers. No doubt the bond is the principal debt in law, and must govern the right of the parties between themselves. But the question here concerns a bonâ fide purchaser of the mortgaged premises, without notice. The bond called for $1500, lawful *silver* money of the United States of America, while

[Eagle Beneficial Society's Appeal.]

the mortgage recited a bond for $1500, payable in "*lawful* money of the United States," " as in and by the said recited obligation, and the condition thereof, relation thereunto being had, will more fully and at large appear." The question is therefore one of *lien*, and like similar cases must be decided upon the face of the record, when third persons are to be affected by it. Mistakes even of an officer making up the record will not be permitted to affect third persons buying on the faith of the record, as in the case of judgments erroneously entered in the judgment index. Here the omission in the mortgage is the error of the party himself who accepted it. The statement in the mortgage, "in lawful money," is absolute, and without any apparent omission or qualification, and it is not helped by the subsequent reference to the bond, which is always understood to be a reference for details and formalities, and not essentials. The purpose of the recital in the mortgage is to give notice of the substantial character of the debt to be secured. It is not to be tolerated that such a reference as this is to send subsequent purchasers and mortgagees to seek the bond, perhaps in remote parts, unless the recital itself leads to something that is wanting in it; as for example, where the mortgage is taken to secure subsequent loans, which must be ascertained upon inquiry. Or the recital possibly may be so vague as to render inquiry necessary. But here is an unqualified statement that the bond is payable in "lawful money," merely, and points to no further inquiry to ascertain the true character of the money to be paid. No one would be led to suppose that a part of the description of the money was left out.

Judgment affirmed.