## Tubbs's Estate.   Tubbs's Appeal.

*Mortgage—Bond—Decedents' estates—Distribution—Marshaling assets.*
The holder of a bond accompanying a mortgage executed by a decedent
in his lifetime, is entitled to payment of the amount of the bond out of
the general estate of the decedent, unless demand is made that the land
shall first be exhausted by a sale under the mortgage.

Argued April 10, 1894.   Appeal, No. 271, Jan. T., 1894, by
Edgar B. Tubbs, claimant, from decree of O. C. Luzerne Co.,
dismissing exceptions to adjudication in estate of Hamilton
Tubbs, deceased.   Before WILLIAMS, McCOLLUM, MITCHELL,
DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication of administrator's account.

The adjudication was as follows, by RHONE, P. J.:

" The audit in this case came on to be heard in pursuance of
due legal notice given, on Friday, June 15, 1893, and from the
evidence adduced we find the following matters of fact:

"1. That Hamilton Tubbs, the deceased, died on Dec. 29,
1891, intestate, and as the estate is insolvent, the number and
names of the heirs are not pertinent to this distribution.

" 2. The fund for distribution arises, first, as personal prop-
erty, and amounts to $196.41; second, from real estate, and
amounts to $568.29.

" 3. At the hearing of the audit the following claims of creditors were presented for allowance, and duly proven:

" Claim of Lewis Benscoter and Abram Benscoter, administrators of Isaac Benscoter, now to the use of Lewis Benscoter. Claim on mortgage and bond accompanying same for balance of $3,000, with interest from Feb. 28, 1874. . . .

" The above mortgage and bond accompanying was objected to as a claim on this fund on the ground that the present claimant gave notice at the sale that the land covered by this mortgage was sold subject to it, and, secondly, because the allowance of this claim would be detrimental to the other creditors. The objections to this claim are overruled, and the claim is allowed.

" The lien of the debt is a mortgage, and that remains, but the evidence of the debt on the bond makes it a general one. If the debt be paid out of the fund in court for distribution, the representatives of this estate can be subrogated to the mortgagee. Graff, Bennett & Co.'s Est., 139 Pa. 69.

" Claim of Edgar B. Tubbs for work and labor performed for this decedent during his lifetime, from March 3, 1888, to Oct. 15, 1891. Book account, $347.55.

" Claim of Jonas C. Tubbs for work and labor done, and services rendered on the estate of Hamilton Tubbs during his lifetime, beginning March 2, 1885; ending December 30, 1891. Book account, $493.30.

" The above accounts were objected to as not being properly proven. The only evidence of these claims are certain alleged books of original entry connected with certain advertising pamphlets of 'Pierce's Patent Medicine' and 'Ladies' Note Book and Calendar with Selected Receipts,' etc. These books of account are such as cannot be allowed as evidence. Outside of these pretended books there has not been sufficient evidence to establish any claim. The statute of limitation is a bar; and also, this claim being for wages, the law presumes that wages are paid at least yearly."

Exceptions averred that the court erred:

" 1. In overruling the objections made to the mortgage and bond accompanying, as presented by Lewis Benscoter, for the reason ' that the said Benscoter gave notice at the sale that the land covered by this mortgage was subject to it, and, secondly,

because the allowance of this claim would be detrimental to the other creditors.'

" 2. In disallowing the claims of Edgar B. Tubbs and Jonas C. Tubbs.

" 3. In awarding to Lewis Benscoter in the distribution the sum of $605.30."

The following opinion was filed by RHONE, P. J.:

" The second exception relates to the claims of Edgar and Jonas C. Tubbs for services. Upon reviewing the testimony we are unable to change our former conclusions, and dismiss the exception: Keener v. Zartman, 144 Pa. 179; McConnell's Appeal, 97 Pa. 31; Houck v. Houck, 99 Pa. 552.

" The exceptant was, however, a brother of the decedent, and as heir he has a right to contest the claim set forth in the first exception, and we proceed to discuss that subject.

" The fund for distribution arose from a sale of real estate. The claim presented by the executors of Benscoter is in the form of a bond accompanying a purchase money mortgage. The land was sold under a notice by said executors that the purchaser would take the land ' liable to have the amount of the mortgage collected from said lot of land in satisfaction thereof.' The lien of the mortgage would not have been disturbed without the notice: Act of March 22, 1887, P. L. 6.

" The bond was not in judgment, as in Com. v. Wilson, 34 Pa. 63, and this claim was not based upon the mortgage, as in Penn Square Building Ass'n, 81* Pa. 330, on appeal.

" A general bond accompanying a mortgage is the principal evidence of the debt, and the mortgage is but collateral to it: Eagle Beneficial Society's Appeal, 75 Pa. 226; Hodgdon v. Naglee, 5 W. & S. 217.

" We say where a debt is based upon a bond accompanying a mortgage (before judgment at least) it is a general debt payable out of any fund in the hands of the personal representatives of the deceased debtor. The death of the debtor creates a lien independent of the mortgage: 3 Rhone, 233–234.

" It is a common thing for a creditor to get a partial payment on his bond while retaining the lien of his mortgage as security for the balance: Shunk's Appeal, 2 Pa. 304; Merkel's Estate, 131 Pa. 584; and this is so, although the estate is insolvent: Mason's Appeal, 89 Pa. 402.

" If Benscoters get this fund now it does not follow that the purchaser will derive the benefit thereof, for the land still remains liable for the whole mortgage, first to the Benscoters for the balance, and second to this estate by way of equity : Estate of Graff, Bennet & Co., 139 Pa. 69.   Under this last cited case it would have been our duty, if required, to have withheld the present fund from the Benscoters until after they had exhausted the land by a sale under the mortgage.   But no such demand has been made, notwithstanding the discussion of the subject before the court.   By declining to make such a demand we infer that it is doubtful whether the entire mortgage debt can be realized by a sale.

" The exceptant's counsel contends stoutly that under the cases of Penn Square Building Society and Com. v. Wilson, supra, we have erred not only in allowing the claim but in taking any notice of it whatever.   We think we have made clear the distinction between these cases and that of Graff, Bennett & Co.'s Estate, supra, by saying that this claim is based upon a general bond not in judgment, which was not the fact in the cases relied upon by the exceptant's counsel.

" In Com. v. Wilson, the court, by READ, J., says, p. 69 : ' The sale (sheriff's sale) in this case under the junior judgment was subject to the lien of the first mortgage and of the whole debt secured by it, and no part of the proceeds of that sale should have been applied to the payment of the judgments on the mortgage bonds.'   But to us it seems clear that the death of the debtor here gave these claimants a lien on any fund secured by the administrator independent of his record lien.   In the Penn Square case the court says ' that the mortgagee whose title is unaffected has no right to come upon the fund produced by the sale, is too clear for argument.'   In the report of that case there is no mention of any bond, and in the absence of a bond we can see how the collection of the debt might have been restricted to the land, or at least how the debt was not a general one.   With this explanation the cases cited will not be in conflict.   If Benscoters had proceeded against the land upon the mortgage since the orphans' court sale, and had realized from a sheriff's sale of it less than the whole debt, with interest and costs, we think it would not be seriously contended that they had no claim on this fund, for the balance, especially as the

only contestant is an heir of the decedent. So the real contest seems to be whether the mortgage creditor or the heir (or, if you please, an unsecured creditor) of the decedent shall be obliged to pursue the land. This question seems to have been settled in New Jersey by statute : Building and Loan Association v. Stockton, 148 Pa. 146. Under the equity powers of this court we might have ordered the Benscoters to sell on their mortgage, but this has not been demanded, so they have their option as to the mode of procedure : Morris v. Olwine, 22 Pa. 441.

" Again : At common law a judicial sale of land divests all liens, and no one but a lien creditor has any claim on the fund, but in this state such sales do not divest the lien of first mortgages, and hence such mortgages are not paid out of the fund. But as to general debts of a decedent, not of record, the death alone creates a lien. Having a lien by mortgage and also by death, why are the Benscoters not entitled to the whole value of the land, if necessary to satisfy their debt ? The orphans' court sale was not under their control, and it ought not to be allowed to work them any injury.

" We conclude that the claimants were bound to present their claim here and now, or run the risk of losing a portion of their debt to the enrichment of the heir of the decedent, who has no claim to the estate until all the decedent's debts are paid in full.

" Therefore, the first and third exceptions are also dismissed, and the report of audit is confirmed absolutely."

*Errors assigned* were as in exceptions.

*Isaac P. Hand, James R. Scouten* with him, for appellant, cited: Com. v. Wilson, 34 Pa. 63 ; Estate of Graff, Bennett & Co., 139 Pa. 69 ; Penn Square Building Association's Appeal, 81* Pa. 330 ; Fleming v. Parry, 24 Pa. 47 ; Seiple v. Seiple, 133 Pa. 460.

*Q. A. Gates,* for appellee, cited : Walter v. Bolleman, 8 Watts, 546 ; Vicary v. Moore, 2 Watts, 451 ; Thompson v. McKelvey, 13 S. & R. 126 ; Churchman v. Smith, 6 Whart. 145 ; Keener

v. Zartman, 144 Pa. 179 ; Houck v. Houck, 99 Pa. 552 ; Meigs v. Bunting, 141 Pa. 239.

PER CURIAM, April 23, 1894 :

The opinion of the learned judge of the orphans' court sufficiently vindicates the conclusions he has reached, and the distribution resting upon them must be sustained.

.The decree is accordingly affirmed.