## Newhoff, Appellant, v. Rochester.

*Building and loan association—Stock—Mortgage—Application of payments on stock.*

Where a building and loan association holds as collateral for a debt due by one of its members, a mortgage on the member's real estate, and a pledge of his stock, and foreclosure proceedings on the mortgage fail to produce a fund sufficient to pay the whole debt, the association may appropriate the value of the stock to make up the deficiency, as against the claim of a subsequent attachment creditor of the member, although payments on the stock had not been previously credited or appropriated to the debt.

Argued Dec. 14, 1916. Appeal, No. 194, Oct. T., 1916, by plaintiff, from order of C. P. No. 4, Philadelphia Co., June T., 1915, No. 5331, discharging rule for judgment on answers in case of Lewis Newhoff v. Rubin Rochester and Ettie Rochester, defendants, and Richard Building & Loan Association, Garnishee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule for judgment on answers in attachment execution.

AUDENRIED, P. J., filed the following opinion:

Newhoff has obtained a judgment against Rochester

and his wife, and issued thereon an attachment execution, which has been served on the Richard Building and Loan Association. On its answers to his interrogatories he now asks that it be adjudged that the garnishee has in its hands certain shares of its capital stock belonging to one of the defendants and that these shares are subject to his attachment.

It appears by the answers that Rochester owns five shares of the stock of the garnishee and that these have in due form been pledged to it as collateral security for the payment of the condition moneys of a certain bond held by it, which was further secured by a mortgage on real estate that formerly belonged to him. In proceedings on that mortgage, the defendant obtained a judgment under which its damages were assessed at $1,159.17. A sale of the mortgaged property under a levari facias produced a fund of $1,050, out of which, however, must be paid certain claims whose lien has precedence over that of the mortgage in judgment. These amount to about $250.00. Their payment will reduce the sum in the hands of the sheriff to $800.00, and leave a deficiency of approximately $360 on the debt due the garnishee. The withdrawal value of the Rochester stock is $235; and the garnishee claims the right to apply this upon the balance owing it on the bond above mentioned.

It is argued on behalf of Newhoff that under the decision in Hamilton Trust Co. v. Hoskins, 244 Pa. 1, a building and loan association that holds shares of its stock pledged as collateral for the payment of a debt, secured also by a mortgage of land, must, if it would avail itself of the pledge as against an attaching creditor of the pledgor, appropriate the withdrawal value of the stock to the extinguishment of the debt before resorting to the mortgaged real estate; that, as the garnishee in this case did not do this before suing out the scire facias on its mortgage, it cannot do so now; and that the stock in its hands is therefore discharged of the pledge and subject to his attachment only. No such proposition, how-

ever, as that referred to by the plaintiff was laid down by the Supreme Court in the case mentioned. All that was there decided was that a sheriff's sale of property under a judgment satisfies the judgment debt to the extent of the proceeds applicable to its payment; and that an execution creditor whose debt is thus paid cannot relinquish his claim on the fund raised by such sale in favor of a subsequent lien creditor and look for the money already paid to him in contemplation of law to stock belonging to the judgment debtor held by way of pledge for the debt, to collect which the execution was issued, when the effect of so doing would be to defeat the claim of another creditor of the defendant by whom that stock has been attached. The right of the pledgee of stock in such a case to appropriate its value toward the payment of the mortgage debt at any time before the debt has been actually or constructively paid is expressly recognized in the opinion filed by the court. In this case the garnishee's debt has not been satisfied in full by the sale of the mortgaged property, and its right to take advantage of Rochester's pledge cannot be doubted.

The plaintiff's rule for judgment must be discharged.

*Error assigned* was the order of the court.

*Walter Willard,* with him *Maurice G. Weinberg,* for appellant.—The appellant submits that the defendants' payments to the appellee on its stock were not ipso facto payments in the absence of credits or appropriations specifically thereto on account of the mortgage debt, and that upon the failure of appellee to so credit or appropriate the same at the time of payment or subsequently, the amount thereto became liable to appellant's attachment: Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 495; Kurtz v. Campbell, 218 Pa. 524; Stoddard v. Kline, 51 Pa. Superior Ct. 16; Stoddard v. Myers, 52 Pa. Superior Ct. 179.

Max Herzberg, for appellee.—Where neither the borrower or the association have made any effort to effectuate applications of payment on stock to the debt, such a question cannot be raised by a stranger: Spring Garden Association v. Tradesmen's Loan Association, 46 Pa. 493; Freemansburg Building and Loan Association v. Watts, 199 Pa. 221; North American Building Association v. Sutton, 35 Pa. 463; Link v. Germantown Building Association, 89 Pa. 15; Watkins v. Workingmen's Building and Loan Association, 97 Pa. 514; Economy Building Association v. Hungerbuehler, 93 Pa. 258.

PER CURIAM, March 16, 1917:

The only assignment presented is that the court erred in discharging the appellant's rule for judgment on the appellee's answer to interrogatories.

The opinion filed by AUDENRIED, J., is a convincing answer to the appellant's argument, and for the reasons given in discharging the rule, the judgment is affirmed.