## Broad and Erie Building and Loan Association v. Steward.

*Building and loan associations—Borrower's right to have payments on stock applied to loan—Rights of purchaser of borrower's real estate under junior judgment.*

1. Where his stock is assigned by a borrower from a building and loan association to secure his loan, payments upon the stock may be applied upon the loan by the association, but, in the absence of such application, they are not to be deemed payments on the loan.

2. A stockholder can, by assignment of his stock, direct how the instalments payable upon it shall be applied, whether upon the sum borrowed by him or not.

3. Where the assignment of the stock expressly provides that all money theretofore paid, or thereafter to be paid, to the association upon the stock shall be taken as appropriated in liquidation of the loan as evidenced by the bond and mortgage, a purchaser of the mortgaged real estate under a junior judgment against the member may maintain a rule to open the judgment, entered against the member under the bond and warrant, for the purpose of having a credit entered of the surrender value of the member's stock, and such rule, upon his application, will be made absolute.

Rule to open judgment. C. P. No. 5, Phila. Co., Sept. T., 1923, No. 8001.

*W. E. Caveny,* for plaintiff; *A. N. Rubin,* for defendants,

MARTIN, P. J., March 14, 1924.—The plaintiff entered judgment against the defendants upon a bond and warrant accompanying a mortgage. Benjamin G. Paul, the purchaser under a junior judgment, has taken a rule to show cause why he should not be permitted to intervene and why the judgment entered in this case should not be opened to the extent of the surrender value of the shares of stock of the defendants in the plaintiff building and loan association, which shares were assigned to the said association to secure the loan, as evidenced by the said bond and warrant.

Laura C. Blake, who secured a judgment against the defendants subsequent to the purchase by Paul and subsequent to the judgment of the plaintiff, issued an attachment execution, summoning the plaintiff as garnishee and attaching all moneys of the defendants in its hands. The said Laura C. Blake has taken a rule to show cause why she should not be permitted to intervene and become a party in this case.

It is admitted that the amount paid by the defendants on account of the said shares of stock in the plaintiff association, or the surrender value of said

shares, amounted to $698.08, and that no credit was given for said sum upon the judgment of the plaintiff. It is also undisputed under the allegations of the petition for the rule and the answer that at the time of the giving of the bond and warrant in question the shares of stock of the defendants in said association were assigned to the plaintiff as collateral security for the amount loaned to the defendants by the plaintiff, as evidenced by said bond and warrant. The assignment of this stock expressly provides that "all the money heretofore paid, or hereafter to be paid, by us respectively unto the said association upon said shares of stock shall be taken and considered as being appropriated as payments on, and in liquidation of, said loans upon said shares of stock, as evidenced by the aforesaid bonds and mortgages."

The borrowing of money by a stockholder of a building and loan association establishes two relations, that of borrower as well as that of stockholder, and the decisions of the courts seem to be uniform that where stock is assigned by a borrower to secure his loan, payments upon the stock may be applied upon the loan by the association, but, in the absence of such application, they are not to be deemed payment upon the loan. This was the effect of Erthal v. Glueck, 10 Pa. Superior Ct. 402, and Bier v. Keer, 70 Pa. Superior Ct. 570. It is just as firmly established, however, that the stockholder can by his assignment of his stock direct how the instalments payable upon the stock shall be applied, whether upon the sum borrowed by him or not. In other words, the terms and provisions of the assignment govern the application of the payments upon the stock so assigned.

In the case of York Trust, Real Estate and Deposit Co., Receiver, etc., v. Gallatin, 186 Pa. 150, the bond for the loan, given by the borrower, provided that all money paid by him into the association on the stock held by him "shall be taken and considered as payment on, and in liquidation of, this bond." And it was held that this provision of the bond "operated as an express appropriation of, and not as a direction to appropriate, payments on stock to the extinguishment of the loan." The language of the covenant in that bond was almost identical with the language in the assignment of the stock in question, and we see no difference between an appropriation of the payments upon the stock, as provided for in the bond given to and accepted by a building and loan association, and an assignment of stock, given to protect such bond, accepted by the association, and containing a similar appropriation of the moneys paid upon the stock.

The defendants in their assignment having appropriated the payments upon the stock to the payment of the money loaned to them by the building and loan association, the association must give credit upon the bond in question for the amount so paid. This being so, the attaching creditor has no interest in the amount so paid to the plaintiff building and loan association, and cannot be permitted to intervene in this proceeding. On the other hand, the petitioner, Benjamin G. Paul, the purchaser of the property of the defendants under the junior judgment, is entitled to have the prior lien of the plaintiff restricted to the amount which the defendants owe upon their loan; in other words, to a credit of the surrender value of the shares of the defendants. The rule taken by him will be made absolute.

And now, to wit, March 14, 1924, the rule to intervene, taken by Laura C. Blake, is discharged.

The rule to open the judgment to the extent of the amount paid in upon the shares of stock in question, or the surrender value of said shares, taken by Benjamin G. Paul, is made absolute.