## Franklinville B. & L. Association v. Silberman et ux.

*Building associations—Appropriation of stock to mortgage debt—Right of subsequent owner of stock.*

1. Where a borrower from a building association assigns shares of stock as collateral by an assignment which recites that "all money heretofore paid or hereafter to be paid into said association upon said shares shall be taken and considered as being appropriated as payments on and in liquidation of said loan," a subsequent assignee of the stock has no standing to object to the application of the stock on account of the loan in foreclosure proceedings on the mortgage secured thereby.

2. Under the terms of such assignment, the appropriation of the stock to the debt being expressly made, the association has no option in the matter, and the real owner of the property may compel it to credit the value of the stock on the mortgage debt.

Rules to intervene and to open judgment. C. P. No. 3, Phila. Co., Dec. T., 1927, No. 17195.

*Gable, Vaughn & Gaul*, for plaintiff.

*Rosen & Polish*, for Darby Bank and Trust Company, petitioner.

*L. Weinrott*, for Morris Karsch, assignee.

MacNeille, J., June 25, 1928.—The plaintiff obtained judgment on a bond and warrant of attorney accompanying a mortgage, dated Dec. 10, 1924, for $20,000, conditioned for the payment of $10,000. On Feb. 15, 1928, damages were assessed at $10,929.54, and on Feb. 23, 1928, *fi. fa.* issued, followed on April 9, 1928, by *vend. ex. exit*, returnable the first Monday of May, 1928.

On April 19, 1928, a rule was granted on Franklinville Building and Loan Association, the plaintiff, on behalf of the Darby Bank and Trust Company, a corporation, to show cause why it should not be allowed to intervene and make defense to the said judgment to the extent of the surrender value of certain shares of stock of the Franklinville Building and Loan Association.

The petition sets forth, and the answer does not deny, that the Darby Bank and Trust Company is the real owner of the mortgaged property by reason of sheriff's deed of Dec. 29, 1926, subject to the Franklinville Building and Loan Association mortgage of $10,000; that, after having so secured title, the Darby Bank and Trust Company deeded the premises on Oct. 1, 1927, to

Isaac Lieberson, subject to said mortgage; that thereafter, on April 2, 1928, Darby Bank and Trust Company repurchased this property at sheriff's sale, subject to this same mortgage.

The Darby Bank and Trust Company now holds title, subject to the building association mortgage, and the question is, shall the plaintiff (Franklinville Building and Loan Association) collect the face of the mortgage or shall it give credit in the assessment of damages for the payments made on certain shares of its stock?

The mortgage was created Dec. 10, 1924, by the defendants in this suit, Leon Silberman and Sarah Silberman, who took title at that time as tenants by entireties, and thus created this mortgage. These defendants then pledged to the building association, as collateral security, the 150 shares of the association's stock, under a contract and assignment containing a direction to appropriate the monthly payments thereon. For this purpose, a form of assignment as collateral security was used, differing from the form commonly used in the following respects:

In the first paragraph it sets out:

"Whereas, Leon Silberman and Sarah, his wife, having obtained a loan of $10,000 upon one hundred and fifty shares of (—— series) the capital stock of Franklinville Building, Loan and Land Association, and being desirous of assigning said one hundred and fifty shares of said stock to said association as collateral security and of designating and appropriating the payments which have been made or which may be made upon said stock;" and

Secondly, in the next paragraph it sets forth an express direction as follows:

"That all the money heretofore paid or hereafter to be paid by us unto said association upon said shares of stock shall be taken and considered as being appropriated as payments on and in liquidation of said loan of $10,000 upon said shares of stock." . . .

This was the condition of the affairs when, on Dec. 29, 1926, the Darby Bank and Trust Company took title from the sheriff. Thereafter, on June 17, 1927, the defendants Silberman undertook to assign the stock in question to Morris Karsch.

Clearly, the parties entered into a contract appropriating all payments on said stock to be credited on account of the mortgage. Just as clearly, then, it is the duty of the plaintiff in this suit so to treat all the payments on these shares of stock of the association. This course cannot be altered by the mere fact that the defendants Silberman, after the date of Dec. 29, 1926 (the date of the sheriff's sale, whereby the Darby Bank and Trust Company took title), attempted by an assignment to preclude the appropriation. The stock was out of the reach of the defendants, due to the express appropriation at a prior date.

Stockholders in building associations fall into two classes—borrowers and non-borrowers. A borrower ordinarily makes an assignment of his shares of stock as collateral security for the loan. This is done generally without any appropriation of the monthly payments on account of the loan or debt. Under such circumstances, it remains in the power of the building and loan association to apply the payments on account of the loan or to treat them as contributions to the stock. But where, as in the instant case, there is a contract entered into in the assignment of the shares as collateral, which contract appropriates payments on account of the loan, then the building association is as much bound by the terms of this contract as is the borrower or stockholder, and the appropriation contracted to be made must be made. This principle is very fully discussed in York *v.* Gallatin, 186 Pa. 150, which has

Franklinville Building and Loan Association *v.* Silberman et ux.

been followed in Erthal *v.* Glueck, 10 Pa. Superior Ct. 402, and in Bier *v.* Keer, 70 Pa. Superior Ct. 570.

In the case of York *v.* Gallatin, the wording was singularly like that in the assignment in the instant case, and it was held that these words "operated as an express appropriation of, and not as a direction to appropriate, payments on stock to the extinguishment of the loan." This line of decisions has been followed in the lower courts. While it is true that the Supreme Court has said that there may develop circumstances under which it will not generally follow York *v.* Gallatin, it has said nothing to indicate that, under facts as they are in this case, it would indulge in any variance from that decision.

In the case of Broad and Erie Building and Loan Ass'n *v.* Steward, 4 D. & C. 341, Martin, P. J., of Court of Common Pleas No. 5 of Philadelphia County, decided as late as March 14, 1924, that this line of decisions should be followed under an assignment containing practically the same words as the one we are here considering.

Under these circumstances, Morris Karsch's petition to intervene should be dismissed, and the rule to open judgment and to permit the Darby Bank and Trust Company to defend should be made absolute.

And now, to wit, June 25, 1928, the rule to intervene taken by Morris Karsch is discharged.

And now, to wit, June 25, 1928, the rule to open judgment to the extent of the amount paid in upon the shares of stock, taken by the Darby Bank and Trust Company, Incorporated, is made absolute.