## Heller's Estate

72

Before Van Dusen, Stearne, Klein, and Bok, JJ.

*Edwin Fischer*, for exceptants.

*W. T. Shappell*, contra.

VAN DUSEN, J., March 27, 1936.—The public sale of decedent's real estate was authorized by this court for the payment of decedent's debts. Return of sale has been made, and exceptions have been filed by some of the heirs. The exceptions raise questions as to the adequacy of the prices and as to the necessity for the sale. One of the debts is founded on a bond of the decedent accompanying a mortgage on real estate. There has been no foreclosure and no deficiency judgment has been obtained. If this debt in this condition is not to be included among the debts of the decedent for the benefit of which the sale of other real estate of the decedent is to be made, then there is no necessity for a sale of such other real estate at this time. In the end no deficiency judgment may be obtained, or the amount may be so small that there will be no necessity for a sale. The question is whether the Deficiency Judgments Act of July 1, 1935, P. L. 503, is applicable to this case, and there is also a question as to the constitutionality of the act. Argument was heard as though upon a demurrer to the exceptions on these points.

There is no doubt that, in the lifetime of the decedent, the mortgagee could not have issued execution against real property of the mortgagor other than the mortgaged premises without first having obtained a deficiency judgment. The Act of July 1, 1935, P. L. 503, provides with respect to a bond and mortgage that: ". . . the real property, bound by such bond and mortgage, shall first

be proceeded against and sold on execution, and the amount of the deficiency judgment ascertained, as hereinafter provided, before any other real property of the mortgage debtor may be attached, levied on or sold for the debt secured by such bond and mortgage". It is objected that a proceeding in the orphans' court to sell decedent's real estate for the payment of debts is not a proceeding by the mortgagee to attach or levy on or sell such real property. The act is imperfect, and the whole difficulty would have been better met by going to the heart of the matter (see Peters' Estate, 20 D. & C. 611), namely, by overruling the decisions that a sheriff's sale is conclusive as to value. We think that this proceeding is the equivalent of an attachment, levy and sale by the mortgagee. While the creditor of a decedent may sue the executors at law and obtain a judgment and issue execution against real or personal property: Perret v. Lepper, 226 Pa. 528; yet the execution may be stayed if it appears that the real and personal assets will not be sufficient to pay all debts: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15($k$), and in practice the proceeding for the general benefit of all creditors has become the rule, and the common-law proceeding has been nearly forgotten. This proceeding is certainly a sale, and if the mortgage debt is to be reckoned among the debts for the benefit of which it is made, then it is a sale for the payment of that debt. We are of the opinion that the mortgagee cannot come in on the fund arising from this sale until he has obtained a deficiency judgment, and that therefore his debt cannot yet be reckoned among the debts of the decedent for the purpose of determining the propriety of a sale. The fair value of the mortgaged premises may equal the debt.

As to the constitutional objections, we agree with the conclusion of Kun, J., in Commercial Bldg. Assn. v. Steen et ux., 24 D. & C. 575, 581, that: "The statute merely regulates the remedies given to enforce the obligation

involved, and it in no sense impairs the obligation of the contract."

A further constitutional objection now made is not dealt with in that opinion, to wit, that the Deficiency Judgments Act, supra, violates article III, sec. 7, of the Pennsylvania Constitution, which provides that: "The General Assembly shall not pass any local or special law authorizing the . . . impairing of liens . . . providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate".

Mortgage debts are dual in character—the personal obligation of the mortgagor, and the security of the mortgaged premises. The two are interrelated, and it is this relation and not the judicial process of collection which is affected by the act. The act provides no special writ, but simply says to the creditor that he must pursue the collateral first and ascertain its value in a way other than by the result of the foreclosure sale, before he may pursue his remedy on the personal obligation against other real property. The argument recognizes this, but says that the class to be dealt with is the whole class of debts with collateral, which would include personal judgments secured by a lien on real estate, promissory notes secured by stocks and bonds, and other like situations, and not mortgage debts alone.

Mortgage debts are in a class by themselves. They are long-term loans made for investment purposes; the collateral is more important than the debt; the collateral is transferred freely from owner to owner subject to the debt; the lien is specific and not general like the lien of a judgment. All these features gave rise to an evil which is peculiar to the foreclosure of mortgages, and which has been partially remedied by the Deficiency Judgments Act, supra. We conclude that this act is not a special law. Whether it otherwise comes within the prohibition of the clause under consideration, we need not consider.

There is a further objection to the inclusion of the mortgage debt at this time among the debts for the payment of which a sale is to be made. The practice of the orphans' court prevents a claim by an obligee of a mortgage against the general assets of the decedent, real and personal, until the mortgage has been foreclosed and the deficiency has been ascertained: Graff, Bennett & Company's Estate, 139 Pa. 69; Tubbs' Estate, 161 Pa. 252; Gould's Estate, 6 W. N. C. 562; Goodman's Estate, 27 Dist. R. 508; Saffin's Estate, 12 Dist. R. 99. This is an application of the rule which requires a creditor who has a security which is not available to other creditors to exhaust his special security before coming in on the general fund. Therefore the mortgage debt in the situation as it is at present is not to be reckoned among the debts of the decedent which will come in on the personal estate at this time. As the inventory of personal assets is prima facie sufficient to pay the debts other than the mortgage debt, there is no necessity for the sale of real estate to pay debts at this time.

The exceptions are sustained and confirmation of the sale is denied.