

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# USA v. James Olayer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4581

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Olayer" (2009). *2009 Decisions.* Paper 1315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4581
_____

UNITED STATES OF AMERICA

v.

JAMES S. OLAYER; PAUL M. DOBBS,
Administrator of the Estate of Sandra R. Olayer Dodds,

James S. Olayer,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-01256)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2009
Before:  MCKEE, HARDIMAN AND COWEN, Circuit Judges

(filed: May 26, 2009 )

_____

OPINION
_____

PER CURIAM

     As the parties are familiar with the facts, we will not repeat the District Court's

thorough recounting of the background of this case.  It suffices to say that the United

States sued James S. Olayer and Paul M. Dodds, the administrator of the estate of Olayer's late ex-wife, for defaulting on mortgages and promissory notes received from the United States, acting through the Farm Service Agency ("FSA," previously known as the Farmers Home Administration).[1] The Government sought an _in rem_ judgment in foreclosure and an _in personam_ money judgment for the total amount due. Olayer filed an answer to the complaint, admitting about half of the allegations, and offering a general denial of the others (writing "disagree" mostly but also complaining vaguely of "misrepresentation" and "coercion"). He did not put forth an affirmative defense in his answer.

The United States filed a motion for summary judgment. In addition to the copies of the mortgages, promissory notes, and related security agreements and financing statements, the Government included the affidavit of David Poorbaugh, the Custodian of Records at the FSA. Poorbaugh averred, by reference to the payment history of the loans at issue, that, as of February 28, 2008, the principal due was $102,015.46 and the interest due was $108,260.78, with additional interest accruing at a rate of $18.67 per day. Olayer filed a response, in which he raised complaints about a Farm Service Agent, Merle Helbig, and a County Supervisor, Ervin Myers; explained the difficulty in balancing employment in a steel mill and running a dairy farm; discussed the money paid on the

_____

[1]The United States won a default judgment against Dodds.

loans from milk assignments and bankruptcy proceedings; and objected to an interest rate and the order in which payments were applied to the loans.

The District Court awarded the United States summary judgment in mortgage foreclosure in the amount of $210,276.24 (plus continuing interest) and a in personam judgment against Olayer, including a deficiency judgment for any balance due after the sale of Olayer's property. Olayer appeals. He also requests that Poorbaugh, Helbig, Myers, and private counsel for the Government be held in contempt of court. He contends that Poorbaugh lied in averring that all payments had been properly credited; Myers forced him into milking cows and borrowing money for farm equipment; and Helbig threatened to call his loans due in 1985 if he did not borrow more money.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001). We apply the same standard that a district court must apply in deciding whether summary judgment is merited. See id. We view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor to determine whether there is a genuine issue of any material fact and whether the moving party is entitled to judgment as a matter of law. See id.

As the District Court noted, because the Government acts in a commercial, not sovereign, capacity, when it lends money through the FSA, state law serves as the federal rule of decision in resulting controversies. Cf. United States v. Kimball Foods, 440 U.S.

3

715, 728-30 (1979). Because this matter relates to Pennsylvania citizens and real and personal property located in the state, Pennsylvania law applies.

Under Pennsylvania law, a lender may institute a foreclosure proceeding to enforce the terms of a mortgage. See Cunningham v. McWilliams, 714 A.2d 1054, 1056-57 (Pa. Super. Ct. 1998). A mortgagee is entitled to the entry of judgment on establishing the amount of the mortgage and the mortgagor's default, including the failure to pay interest. Cf. id. at 1057. The judgment may be satisfied by a foreclosure sale, but if it is not, the mortgagor remains liable for the unpaid balance. See Aristi-Kote Co. v. Benefactor Bldg. & Loan Ass'n, 64 F.2d 407, 408 (3d Cir. 1933) (summarizing Pennsylvania law).

Olayer admitted many of the background facts in his answer to the Government's complaint. Although he alluded to defenses in a couple of responses to the Government's allegations, vaguely arguing "misrepresentation" and "coercion," he never clearly presented an affirmative defense in his answer (or in a motion in response to the complaint). Accordingly, he may have waived any affirmative defense. See Charpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir. 1991).

Even if Olayer did not, he did not show a genuine issue of material fact in response to the Government's motion for summary judgment. The United States, submitting lending agreements and financial statements as well as the affidavit of the Custodian of Records at the FSA, presented evidence (as the District Court described in greater detail) about the amount the mortgages and the default. Neither Olayer's general denials in his

4

answer nor the documents he attached to his response to the motion for summary judgment put the issues in controversy.

Olayer did not go beyond the pleadings and submit evidence like affidavits, depositions, answers to interrogatories, or admissions on file to designate specific facts to show that summary judgment was not warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). For example, although Olayer asserted that the milk assignments payments were not properly credited, he did not provide proof that they were not. Similarly, he claimed, but did not provide evidence, that payments were applied in the incorrect order and that one interest rate should have remained at 7.25 percent instead of changing to 8.25 percent in 1995.

In short, because there was no genuine issue of material fact, the District Court properly granted summary judgment in favor of the United States. (We agree with the District Court that the correct amount, inclusive of interest as of February 29, 2008, was $210,276.24, not the slightly higher figure elsewhere.) Despite Olayer's argument to the contrary in his brief on appeal, there is no evidence that the District Court gave the United States preferential treatment.

For these reasons, we will affirm the District Court's judgment. We also deny Olayer's motion to hold Poorbaugh, Myers, and Helbig in contempt as Olayer has pointed to no order of this Court that they violated.[2] See John T. ex rel. Paul T. v. Delaware

---

[2]We also note and deny Olayer's request that this appeal be sent to mediation.

County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003) (holding that a valid court

order is among the prerequisites to a contempt finding).