## Smith *versus* Bunting.

S. held the note of B. for $30,000, and as security therefor certain mortgages, which he foreclosed and himself purchased for $17,000 the real estate on which they were secured. In a suit by S. on the note he offered a credit of $17,000. B. filed an affidavit of defence, wherein he averred that the full value of the mortgages was $42,000; that the plaintiff had acted as the owner thereof and sued them out and purchased the property without notice to B.; that at the time of the sale property was much depreciated and that with careful management much more could have been realized. *Held*, that the affidavit was insufficient and that the plaintiff was entitled to judgment either for the balance of his claim, or if his action had converted him into a trustee holding land instead of mortgages, then to the whole amount of his claim, and the record must be remitted to the court below to enter such judgment as might be right and just.

January 17th 1878.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1878, No. 73.

Assumpsit by Charles E. Smith against Samuel C. Bunting, Jr., upon a promissory note for $30,000, made by defendant to the order of plaintiff.

The note was a renewal of a former one.

Defendant filed an affidavit of defence, and at the argument, upon a rule to show cause why judgment should not be entered for its insufficiency, plaintiff offered to give credit for the sum of $17,708.20, realized on the collateral mentioned in said affidavit, and claimed judgment for the balance, with interest on the whole amount of note to date of credit, and on the balance thereafter.

In his affidavit of defence the defendant averred : " There were assigned by me to the plaintiff, at the time the original loan was made, six bonds and mortgages, charged upon real estate. Five of these bonds and mortgages were for $7000 each, and the other one for $7508.33. The assignment was not then recorded. It was made upon the agreement that plaintiff should hold said bonds and mortgages as collateral security for said loan, to be returned to me when said loan was paid. And I believe, and expect to be able to prove, that the plaintiff, without authority from me, appropriated to his own use said bonds and mortgages, amounting at par to $42,508.33, with interest ; that he caused the assignment to be re-

[Smith v. Bunting.]

corded, and then brought suit in his own name upon said mortgages as absolute owner thereof, recovered judgment, and issued executions, whereon the mortgaged premises were sold by the sheriff, and bought from him by the plaintiff, to whom sheriff's deeds therefor were made and acknowledged. I also believe that the plaintiff receipted to the sheriff for the sum of $17,708.20, as purchase-money of said real estate, and thus assumed to act as absolute owner of said bonds and mortgages without any notice to me, without any sale thereof, and without giving me any opportunity to redeem the same. All which I expect to be able to prove on the trial of the cause.

"That at the time of the creation of the mortgages mentioned the lots upon which said mortgages were charged were conveyed in consideration of $12 per foot, aggregating on the six mortgages $30,508.33. When the mortgages were sued out real estate was depressed, and the mortgaged premises were sacrificed by a forced sheriff's sale. I believe that the plaintiff, by careful management of his collateral, could have realized much more than he did, and that said premises were then and still are worth more than $17,708.20."

The court discharged the rule, which was assigned for error by plaintiff, who took this writ.

*J. Cooke Longstreth*, for plaintiff in error.—A chose in action given or transferred as collateral security is put under the dominion of the creditor, and it is his right to sue it out and collect it, or as much of it as he can by process of law : Lishy *v.* O'Brien, 4 Watts 141 ; Insurance Co. *v.* Smith, 1 Jones 120 ; Hanna *v.* Holton, 28 P. F. Smith 334.

The holder of a mortgage, assigned as collateral security, has a right to sue it out and purchase the mortgaged premises at his sheriff's sale, and hold them as his own, without any liability to the original debtor, except to credit him with the amount realized at said sale. He is not a trustee of the land or its proceeds on a subsequent sale, for his debtor, and, *à fortiori*, he cannot be held liable to account for any supposed excess in value of the property over the amount of his bid: Campbell *v.* Ins. Co., 2 Whart. 53.

Even had the plaintiff been technically a trustee, his purchase at sheriff's sale would not have been void, but merely voidable at the election of his *cestui que trust*. He may either, by paying the purchase-money, have the title vested in himself, or claim any profit made on a re-sale. But what has this to do with the debtor's present liability for the unpaid balance of his debt? Plaintiff chose, before suing his original debtor, to make the most that he could out of the collateral ; the debtor had given him the right and power to do that at his own time and option ; and by so doing it is

[Smith *v.* Bunting.]

submitted that only so much of the debt was paid as the sale under proceedings on the collateral realized.

*Alfred J. Phillips*, for defendant in error.—The assignment of the mortgages to Smith was simply as collateral security—they were to be returned when the loan was paid. By such an assignment a privity of contract is established which invests the assignee with full power and control over the security, and his liability for mismanagement or loss arises upon this ground. A fiduciary relation is created between the parties. The confidence is reposed that the security will not be disposed of for less than its real value, and that the creditor will not attempt to make any profit out of it for himself: 4 Kent's Com. 307 ; Moses *v.* Murgatroyd, 1 Johns. Ch. 117 ; Diller *v.* Brubaker, 2 P. F. Smith 505.

The rule that a trustee, agent, or any one standing in a fiduciary relation, cannot purchase at his own sale, has been extended to a holder of collateral security ; Story on Bailments, sect. 319 ; Ed. on Bailments 260 ; Fox *v.* Mackreth ; 1 Hare & Wallace's Leading Cases in Equity 211, note ; Hestonville Railroad *v.* Shields, 3 Brewster 257 ; Middlesex Bank *v.* Minot, 4 Metc. 325 ; Hoyt *v.* Martense, 16 N. Y. 231; Slee *v.* Manhattan Co., 1 Paige 48 ; Campbell *v.* McLain, 1 P. F. Smith 203 ; Chronister *v.* Bushey, 7 W. & S. 153 ; Shuman's Appeal, 3 Casey 65 ; Bartholemew *v.* Leech, 7 Watts 472 ; Hyndman *v.* Hyndman, 19 Vt. 9.

It is submitted, therefore, that the plaintiff has extinguished the equity of redemption of the original mortgagor, but not the defendant's equity of redemption, and that a reconveyance could be demanded upon payment of the debt. The land is still held as security, and if the defendant cannot redeem, the plaintiff has the same right to proceed against the land that he had before against the mortgages. What interest, therefore, has the plaintiff but a mortgage still ? Kerr *v.* Gilmore, 6 Watts 407 ; Rhines *v.* Baird, 5 Wright 256 ; Kellum *v.* Smith, 9 Casey 158 ; Wilson *v.* Shoenberger, 7 Id. 295 ; Jaques *v.* Weeks, 7 Watts 261 ; Harper's App., 14 P. F. Smith 315 ; Fessler's App., 25 Id. 483 ; Luch's App., 8 Wright 519 ; Colwell *v.* Woods, 3 Watts 188 ; Brown *v.* Nickle, 6 Barr 390 ; Manufacturers' Bank *v.* Bank of Penna., 7 W. & S. 335.

The plaintiff stands in almost the same position that he was in before the sale—he has extinguished the old mortgages and taken a new one in their place ; perhaps he has not bettered his condition, for his new mortgage is unrecorded. The remedy, however, still remains as it was before, but it is not to appropriate the land, for that is not his proper remedy. And if he does appropriate, he *is* liable for any subsequent rise in value. This *is* admitted in plaintiff's argument: Sitgreaves *v.* Bank, 13 Wright 359 ; Diller *v.* Brubaker, 2 P. F. Smith 498 ; Conyngham's App., 7 Id. 474.

The plaintiff's remedy is to proceed to another sale by scire

[Smith *v.* Bunting.]

facias upon an unrecorded mortgage : Tryon *v.* Munson, 27 P. F. Smith 250.

Mr. Justice GORDON delivered the opinion of the court, February 11th 1878.

The defendant alleges in his affidavit of defence, that, as security for the note in suit, he assigned to the plaintiff certain mortgages with their bonds, representing some $42,508.33 ; that he, the plaintiff, caused these mortgages to be recorded, and then brought suit thereon in his own name as absolute owner ; that, having obtained judgments, he caused the mortgaged premises to be sold, in due course, by the sheriff, without notice to the affiant, and that he bought in said premises for himself, at the same time receipting to the said sheriff for the sum of $17,708.20 as purchase-money ; that the consideration agreed to be paid for these premises, at the time when the mortgages were executed, was $30,508.33 ; and, finally, that the affiant believes that by careful management of these collaterals the plaintiff might have realized much more than he did, the property still being worth more than $17,708.20.

This affidavit necessarily results in one of two conclusions : First. The plaintiff properly realized on his collaterals the aforesaid sum of $17,708.20, and for this amount the defendant may have credit. Second. If the defendant's theory be correct, that the plaintiff, by bidding in the property and causing the sheriff's deed to be made to himself, without notice to, or having the assent of, the defendant, thereby constituted himself a trustee for the defendant, and so now holds the land only as he held the mortgages, as collateral security for the payment of the $30,000 note, then, and in that case, the defendant may compel a re-conveyance to himself on tender to the plaintiff of the whole amount of his claim. In either case, however, the plaintiff is entitled to judgment ; in the first, to the balance due upon his note after deducting $17,708.20 ; in the second, to the whole amount of that note, since, according to the defendant's theory, the collaterals have not yet been realized, but have only been changed from mortgages to the premises formerly bound thereby, which premises are still held for his use.

It is now ordered that the records in this case be remitted to the court below, and the said court is hereby directed to enter judgment against the defendant, as may be just and right, unless other legal or equitable cause be shown to the court why such judgment should not be so entered.