### In re DAVIS.

#### (District Court, W. D. Pennsylvania. April 28, 1910.)

#### No. 4,018.

BANKRUPTCY (§ 318*)—ADMINISTRATION OF ESTATE—CLAIMS AGAINST ESTATE.

A claim by the vendor of land against a bankrupt purchaser for the balance of the price due, less the value of the land, will not be allowed, where the trustee has delivered and the vendor has accepted a quitclaim deed to the land; the contract of sale to the bankrupt being thereby virtually rescinded.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

In the matter of the bankruptcy of Harry Davis. Heard on certificate of a referee. Decision of referee, refusing the claim of Thomas Kenyon, sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Marron & McGirr, for claimant.
S. S. Robertson, for trustee.

ORR, District Judge. This matter comes before the court ·upon a certificate by Wm. R. Blair, Esq., one of the referees in bankruptcy, as to whether the claim of Thomas Kenyon should be allowed as a claim against the estate. The referee's opinion is as follows:

"On May 28, 1908, Thomas Kenyon filed a proof of claim, claiming the sum of $52,174.41, alleged to be the purchase money for certain lands sold to the bankrupt, and costs, and taxes paid by the claimant thereon, less the valuation of the land, to wit, $70,000. Objection was made to this claim, and at the hearing the following appeared: Some time prior to the bankruptcy the claimant sold to the bankrupt a lot in the city of Allegheny under an article of agreement which Davis refused to carry out. The claimant thereupon filed a bill in equity in the court of common pleas of Allegheny county, which was so prosecuted that a decree of specific performance was entered, ordering Davis to pay the purchase money according to the terms of the sale. Subsequently the buildings on the premises were burned down, and a very large amount of insurance money was realized and paid to Mr. Kenyon, which, on being brought to the attention of the court of· common pleas, resulted in a modification· of the decree by crediting the amount of the insurance money on the purchase money as appeared just to the court of common pleas. The claim here is· for the balance of the purchase money, taxes, etc., as already stated, less the alleged value of· the real estate.

"The decree of specific performance above mentioned provided that Kenyon should deed the property to Davis upon the payment of the purchase money. Mr. Kenyon has never deeded the property to the bankrupt, and the purchase money was never paid to him. At the hearing before the referee the claimant treated the claim as if the contract between the claimant and the bankrupt had been executed, and that the title had passed to Davis, and he (Kenyon) had as security for the balance of the unpaid purchase money the land in question. The record further shows that on the petition of Mr. Kenyon the trustee has been heretofore authorized to execute a quitclaim deed to Mr. Kenyon, relinquishing any title that might have passed to Mr. Davis, the bankrupt, under the articles of agreement. At the hearing before the referee some testimony was offered, both on behalf of the claimant and on behalf of the trustee, to show the value of the property, and the testimony varied from $40,000, the lowest estimate furnished on behalf of the claimant, to $110,000, which was the highest estimate furnished on behalf of the trustee. The referee is of opinion, under the authority of Wolfe's Appeal, 110 Pa. 126, 20 Atl. 410, that this claim cannot be allowed. The contract between Kenyon and Davis was wholly executory, and under this authority the claimant is not entitled to prove his claim here.

"The claim of Thomas Kenyon is refused."

It is not necessary to add much to what the referee has already said. It was admitted at the argument by counsel for Kenyon that the quitclaim deed which the trustee was ordered to execute and deliver was executed and delivered and accepted by Kenyon. Therefore there then became a reunion of the equitable with the legal estate in Kenyon. This, under the authorities, works a rescission of the executory contract of sale. The referee cited Wolfe's Appeal, 110 Pa. 126, 20 Atl. 410, without showing its application to this case; but it supports the principle that where the equitable and legal estate become reunited there is virtually a rescission of the contract. That case holds that this is always the case where the vendor himself becomes the purchaser. In this case Kenyon became the purchaser of the

equitable title of Davis by virtue of the deed from Davis' trustee in bankruptcy delivered to Kenyon and accepted by him.

The decision of the referee should therefore be sustained.