Gordon, Secretary of Banking, *v.* Mohawk Bond and Mortgage Company, Appellant.

Argued December 6, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Roy Martin Boyd,* with him *Frederick C. Thomas, Jr.,* for appellant.

*William W. McKim,* with him *Joseph A. Culbert,* Special Counsel, *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1935:

Defendant borrowed $26,000 from the Northern Central Trust Company, giving its demand collateral promissory note therefor and pledging therewith twelve first mortgages as security for repayment. Nine of the mortgages were paid off and the loan was reduced accordingly. The three remaining mortgages were foreclosed on default and the properties bound thereby were bought in and are retained by plaintiff. Plaintiff brought this suit to recover the balance due on the note, and, in addition, taxes and water rents which were assessed against the properties for certain years, and which he had to pay. In the statement of claim plaintiff alleged that defendant in the years named was the real owner of the properties. Plaintiff credited defendant with the nominal consideration, $50, which he paid for each property at the sheriff's sale.

Defendant filed an affidavit of defense in which it set up that plaintiff had breached the terms of the collateral note by not selling the collateral at broker's board, or at public or private sale, and that the value of the collateral exceeded the amount of plaintiff's claim. In addition, defendant denied ownership of one of the properties which had been purchased by plaintiff on the foreclosure. Defendant also made a counterclaim for the value of the collateral less the amount due on the note. The court below entered judgment for want of a sufficient affidavit of defense for the amount of plaintiff's claim, and we have this appeal by defendant.

The situation boils down to this: Defendant seeks to escape payment of the money it borrowed and still owes by alleging an improper conversion of its collateral, which has been merely changed in form by plaintiff, without tendering payment of its debt and thereby getting the collateral back.

It is to be borne in mind that we do not have to deal with a situation in which collateral was parted with by the holder. The collateral in each instance was a chose in action, a mortgage, and the pledgee merely enforced the chose in action, neither enlarging nor diminishing in any respect the pledgor's right in the subject-matter, provided it desired to redeem the property by paying its debt. The pledgee now holds legal title instead of a mere lien. So far as the taxes are concerned, plaintiff is not required to rely upon defendant's ownership of the properties to recover the amounts so paid. These are recoverable as expenses incident to the maintenance of the pledged property. No question was raised in the court below as to the water rents.

The situation we are dealing with is strikingly like that in Smith v. Bunting, 86 Pa. 116, where the plaintiff, holding certain bonds and mortgages as collateral for the defendant's promissory note, recorded and foreclosed the mortgages and bought in the properties at sheriff's sale. The defendant in an affidavit of defense alleged that the

plaintiff, by a more careful management of the collateral, would have produced a greater fund. It was held that the plaintiff was entitled to judgment for the amount of his debt less the amount realized upon the sale of the mortgaged properties which it had purchased. The opinion so nearly covers the case at bar that we quote from it as follows (page 119) : "The defendant alleges in his affidavit of defense, that, as security for the note in suit, he assigned to the plaintiff certain mortgages with their bonds, representing some $42,508.33; that he, the plaintiff, caused these mortgages to be recorded, and then brought suit thereon in his own name as absolute owner; that, having obtained judgments, he caused the mortgaged premises to be sold, in due course, by the sheriff, without notice to the affiant, and that he bought in said premises for himself, at the same time receipting to the said sheriff for the sum of $17,708.20 as purchase money; that the consideration agreed to be paid for these premises at the time when the mortgages were executed, was $30,508.33; and, finally, that the affiant believes that by careful management of these collaterals the plaintiff might have realized much more than he did, the property still being worth more than $17,708.20. This affidavit necessarily results in one of two conclusions: First. The plaintiff properly realized on his collaterals the aforesaid sum of $17,708.20, and for this amount the defendant may have credit. Second. If the defendant's theory be correct, that the plaintiff, by bidding in the property and causing the sheriff's deed to be made to himself, without notice to, or having the assent of, the defendant, thereby constituted himself a trustee for the defendant, and so now holds the land only as he held the mortgages, as collateral security for the payment of the $30,000 note, then, and in that case, the defendant may compel a reconveyance to himself on tender to the plaintiff of the whole amount of his claim. In either case, however, the plaintiff is entitled to judgment; in the first, to the balance due upon his note after deducting $17,708.20;

in the second, to the whole amount of that note, since, according to the defendant's theory, the collaterals have not yet been realized, but have only been changed from mortgages to the premises formerly bound thereby, which premises are still held for his use."

The note before us provides: ". . . With the right on the part of the holder hereof, . . . in case of such default, or of the nonpayment of any of the liabilities above mentioned at maturity, to sell, assign and deliver the whole, or any part of such securities, or any substitutes therefor or additions thereto, at any broker's board, or at public or private sale, at their option at any time or times thereafter, without advertisement or notice to the undersigned, and with the right on the part of the holder hereof to become purchaser thereof at such sale or sales, freed and discharged of any equity of redemption." This provision did not affect the plaintiff's right to foreclose the mortgages upon their default for his own protection. He has not parted with the properties, and, as we said in Lanahan v. Clark, 279 Pa. 301, in holding an affidavit of defense insufficient in an action on promissory notes in which collateral security was being retained by the holder of the notes, "For all that we are told, plaintiff is simply holding the property as collateral security, until the amount due him is paid."

In Gettysburg R. R. Co., McCurdy's App., 65 Pa. 290, we decided that the holder of bonds as collateral was entitled to proceed to a sale under the mortgage which secured them in order to make his security available. The pledgee of a mortgage has a right to foreclose it, even though the contract of pledge authorizes the pledgee only to sell the mortgage: 49 C. J., page 981, section 209.

Appellant's rights are not in any way jeopardized by the foreclosure of the mortgages which it pledged and the buying in of the properties by plaintiff. Upon payment of the amount due on its notes it will be entitled to a return of the properties, which we understand are still in

the possession of plaintiff. It can ask nothing more than this.

For recovery of the taxes paid there is ample warrant. "The pledgee is entitled to reimbursement for all expenses reasonably incurred by him in keeping and caring for the property pledged, such as reasonable expenses incurred in . . . the payment of taxes, assessments and insurance premiums": 49 C. J., page 944, section 90. On the general question of expenses incurred by a pledgee and recovery allowed, the following cases show the course of decision: The expense of suing out a mortgage held as collateral was allowed in Knox v. Moatz, 15 Pa. 75; reimbursement for commissions paid for selling the pledge in Righter v. Phila. Warehouse Co., 99 Pa. 289; payments of counsel fees in the matter of collecting corporation bonds from an insolvent corporation in Ballingal v. Hunsberger, 16 Pa. Superior Ct. 117; expenditures for repairs in restoring a road of a railroad whose bonds were held as collateral in Reynolds v. Cridge, 131 Pa. 189.

The affidavit of defense in answer to the averments covering the tax items simply stated that the defendant had no knowledge or means of obtaining knowledge of the averments and demanded proof at the trial. In North Phila. Trust Co. v. Heinel Bros., Inc., 315 Pa. 385, 387, it was said: "Appellant did not assert a belief that plaintiff had not paid the taxes, nor that it had sought the information from plaintiff, as it might have done, and been refused. Accordingly, the court below properly, under Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, held the defense was insufficiently pleaded." Nor can it be said that the affidavit of defense is sufficient under the Act of June 12, 1931, P. L. 557.

Appellant makes a further contention that plaintiff's statement of claim is insufficient to support judgment, because it alleges only a presentment of the note for payment and not a demand, the note being payable upon demand. The statement of claim avers that the note was

presented at the place of payment therein designated and that payment was refused. The bringing of suit in itself is a sufficient demand: Dominion Trust Co. v. Hildner, 243 Pa. 253; Valiant Co. v. Pleasonton et al., 108 Pa. Superior Ct. 197, affirmed by us in 311 Pa. 587. Furthermore, the statement of claim sets forth that "the defendant although frequently thereunto requested has failed and refused and still refuses to pay the amount due on the said promissory note." This is the equivalent of an averment of a demand.

As the court below entered judgment for plaintiff, it was not necessary to specifically pass upon defendant's ccunterclaim setting up the value of the mortgages as a set-off against the balance due on the note.

Judgment affirmed.