White's Estate.

Argued January 14, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Robert P. Shick,* for appellant.

*J. Willison Smith, Jr.,* with him *Edward A. Kelly,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 25, 1936:

Lillian M. White, a widow, died March 22, 1932, leaving no issue surviving. By her will dated June 12, 1928, she gave the residue of her estate, after a number of pecuniary bequests, to the Protestant Episcopal Church of the Holy Apostles, Philadelphia. A later will of decedent, dated February 24, 1932, was produced, which named as sole legatees of her estate Abraham and Rupert Bamash. Both wills were offered for probate, whereupon proceedings to contest the validity of the later will were instituted before the Register of Wills of

Philadelphia County. Following hearings before the register an agreement of settlement was entered into by all the parties in interest. By the terms of this compromise the first will of June 12, 1928, was probated and an administrator c. t. a. appointed who thereupon paid over to the Bamash claimants $2,400 in cash and mortgages belonging to decedent's estate.

In due course the administrator presented his account to the orphans' court for audit. He claimed credit as an administration expense for the payment made in settlement of the will contest. The auditing judge disallowed this credit and surcharged the administrator with the $2,400 so paid. At the audit the Wilton Building and Loan Association presented two claims for which the administrator had made no provision in his account. These claims were based upon judgments entered on mortgage bonds executed by the decedent as obligor during her lifetime. Both claims were allowed by the auditing judge. Exceptions by the administrator to this adjudication were dismissed by the court in banc and a final decree entered.

Two months later the administrator presented to the court below a petition to review the adjudication, praying that the decree of confirmation be vacated and set aside with respect to one of the claims of the Wilton Building and Loan Association and the surcharge against himself. Upon this petition a rule to show cause was granted and an answer filed by the association. After argument in the court below, the petition for review was dismissed. The administrator then took this appeal.

The claims presented by the Wilton Building and Loan Association were upon two bonds secured by mortgages upon which decedent was sole obligor. The decedent, who was then known as Lillian M. Wagner, purchased in 1922 the premises 135 N. Millick Street, Philadelphia, and at that time executed and delivered a first mortgage upon the property for $3,000 to Cora S. Van-

derveer, and a second mortgage for $1,500 to the Wilton Building and Loan Association. In April, 1930, decedent sold this property subject to the two mortgages. Thereafter, during her lifetime, judgment was entered against her upon the bond accompanying the first mortgage in favor of Cora S. Vanderveer, for $3,267. Under this judgment the premises were sold at sheriff's sale on August 4, 1930, for $50 to James E. Coughlin, to whom the sheriff's deed was made, and the property was then conveyed by Coughlin to John H. Kramer. Kramer executed and delivered a bond and mortgage upon the property to Cora S. Vanderveer in the principal sum of $2,200, and subject to this mortgage, a conveyance of the property was made by Kramer to the Wilton Building and Loan Association, in whose name it now stands. In addition the association acquired in June, 1932, by as-signment from Cora S. Vanderveer the judgment originally entered against decedent upon the bond secured by the first mortgage. It now seeks to recover the amount of this judgment from the estate. The association in May, 1933, recovered a judgment for $1,429.51 against the administrator upon the second mortgage bond of decedent. The second claim of the association is founded upon this judgment and its validity is not in dispute.

As a result of these transactions, the association is now the owner of the Millick Street property, and also is claimant against the estate upon both of the mortgage bonds which decedent executed at the time she purchased the property.

It is the contention of the administrator, however, that upon payment of the claims of the association the estate is entitled to a reconveyance of the mortgaged property. He asks that the premises be reconveyed clear of encumbrance, or otherwise that a deduction be allowed upon the claims of the association to the extent of the present $2,200 mortgage held by Cora S. Vanderveer. He argues that a debtor who pays off his obliga-

tion is entitled to a return of the collateral which he has deposited as security with his creditor. But that is not the situation before us. Here the debtor has defaulted, the collateral which he gave as security has been sold in accordance with the terms agreed upon by the parties, and the amount realized at sale has proved insufficient to discharge the debt. It has long been settled that in such case the debtor continues liable personally for any deficiency remaining after crediting against the debt the amount received from the sale of the collateral.

A mortgage is collateral for the debt represented by the bond and the foreclosure of the mortgage is but a sale of the collateral. The price realized at foreclosure sale is conclusive upon the parties as to the value of the mortgaged premises: *Lomison v. Faust,* 145 Pa. 8; *Ruetschlin's Est.,* 245 Pa. 473; *Plummer v. Wilson,* 322 Pa. 118; *Mollenauer v. Smith,* 51 Pa. Superior Ct. 517. A mortgagee has a personal claim against the mortgagor for any deficiency remaining after foreclosure and sale of the mortgaged premises. This is true even though the mortgagee himself buys at the sale and thereafter holds the property of his debtor: *Lomison v. Faust,* supra; *Wolfe's App.,* 110 Pa. 126. After foreclosure the debtor has no right to a reconveyance of the property, even though he pays the balance (or deficiency) of the debt remaining.

It is argued, however, that the law has been changed by two recent decisions of this court. Appellant contends that under *Gordon v. Mohawk B. & M. Co.,* 317 Pa. 257, and *Ryon's Est.,* 318 Pa. 171, he is entitled to a reconveyance of the property upon payment of the claims of the building and loan association. The cases cited do not sustain this contention. In *Gordon v. Mohawk B. & M. Co.,* supra, the familiar principle was applied that a pledgor who pays back the money borrowed is entitled to a return of the property pledged even though this property consisted of mortgages which the pledgee had foreclosed. It was decided that the foreclosure of the

mortgages pledged was merely a change in form of the collateral by reducing the lien of the mortgages then in default to legal title to the mortgaged premises. The pledgee thereafter held the properties as it had held the mortgages, as collateral for the debt and subject to the pledgor's right to redeem the collateral by paying off the debt. In *Ryon's Est.*, supra, a claim was made against a decedent's estate upon a mortgage bond which had not been foreclosed. The claim was allowed but it was held that the estate of the mortgagor was entitled by subrogation to the rights of the mortgagee to the extent of the payment made. Obviously neither of these situations has any application to the facts before us. Here the mortgage created by decedent has been foreclosed and the obligation reduced to a personal judgment with all of her rights in the mortgaged property lost by sheriff's sale. This is indeed a harsh situation and an attempt has been made to afford a remedy in such cases by the provisions of the Act of January 17, 1934, P. L. 243, and those of the Act of July 1, 1935, P. L. 503. Unfortunately for this estate the rights of the parties had become fixed prior to the passage of the acts mentioned, and their provisions have no application to the present case. See *St. Charles B. & L. Assn. v. Hamilton,* 319 Pa. 220.

Appellant's claim that he should not have been surcharged with the amount paid to the legatees of the second will under the compromise agreement is without merit. The Fiduciaries Act of June 7, 1917, P. L. 447, prescribes an orderly procedure for the settlement of a decedent's estate by an audit of the executor's or administrator's account. Only by proceeding in accordance with the statute may a fiduciary make distribution of the assets in his hands without liability to himself. While distribution without an audit is permitted (section 49-b), the act specifically provides that such distribution shall be at the fiduciary's "own risk." Having assumed the risk appellant must be held responsible for

all payments made without the approval of the orphans' court. It is a complete answer to the argument that the payments were administrative expenses to point out that they were made to persons who claimed as legatees of the decedent, and hence were in the nature of distributional payments to beneficiaries. Appellant must be surcharged for the amount so disbursed before the claims of creditors were duly adjudicated and paid.

The order of the court below is affirmed at appellant's cost.