Rotter et al. *v.* Martin et ux. (Appellants) et al.

Argued April 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*James J. Lawler,* for appellants.

*Herbert R. Hahn,* with him *R. A. Hitchens,* for appellees.

OPINION BY MR. JUSTICE DREW, April 30, 1936:

A. N. Rotter died of lobar pneumonia on November 19, 1931. He was seventy-eight years of age. Ten children survived their father, a widower, whose estate consisted, for the greater part, of the house in which he made his home. This property was the subject of an alleged absolute conveyance to one of decedent's daughters, supposedly executed by him two and one-half hours before his death. The present bill in equity to set aside the deed because of the mental incapacity of the grantor was brought by five of his children and the wife of a son who died shortly after his father and who devised all of his property to his wife. Named as defendants were the grantee and her husband and decedent's three remaining children. The chancellor found the alleged grantor incompetent and entered a decree declaring the instrument null and void. Defendants' exceptions were dismissed by the court in banc, which confirmed the findings of the chancellor. The grantee and her husband have taken the present appeal.

From the findings of fact, all of which are amply supported by the evidence, it appears that the attempted execution of the deed was carried out at the instance of certain of the children of decedent who were present at the bedside on the day of his death, and who are now numbered on both sides of the present controversy, for the purpose of avoiding payment of the inheritance tax on the transfer of the property. It was their understanding that the conveyance was to be made in trust for all of the heirs. The deed, prepared by a notary public upon instructions furnished by one of the plaintiffs and by the grantee, was taken by the notary to decedent, whose execution thereof consisted of a cross made by the notary, who held and guided decedent's hand. At the time, decedent was not expected to live more than two hours and a half. He was physically helpless. The chancellor found that "the deed was not prepared with the knowledge of decedent, it was not read to him or in his

presence, its contents were not made known to him by the notary or by any other person, he did not know its contents, he was not informed as to who was named grantee, his acknowledgment was not taken, and he did not deliver the deed to the grantee nor authorize delivery by anyone else in his behalf." He concluded that the decedent "was without sufficient understanding and mental capacity to comprehend the nature and effect of what was being done."

The testimony was irreconcilably conflicting. One side maintained that decedent's mind was normal; the other contended that he was unconscious. Evidence in support of their respective contentions was produced. The physician who attended decedent testified as to his incompetency. Another doctor, who never saw decedent, testified in defendants' case, in response to hypothetical questions, that in his opinion it would have been possible for decedent to have comprehended the nature of the transaction. Under all the circumstances, the reliability and credibility of the witnesses was for the chancellor, whose thorough treatment of the case is evidenced by the record. Appellants' challenge to the correctness of the findings of fact must be dismissed.

Equally unavailing is appellants' contention that plaintiffs are not entitled to come into equity. The basis for this argument is the fact that several of the plaintiffs, knowing of their father's incompetency, nevertheless acquiesced in a plan whereby they sought to secure legal effect for an instrument which he was to be called upon to execute when they knew that he could not do so. For some reason or other that does not appear, the attempted scheme failed. It may well be that those plaintiffs who participated in the plot should not be heard to complain of the consequences wrought by their own conduct. On the other hand, two plaintiffs had nothing to do with the attempted conveyance and they are certainly entitled to have the deed set aside. Cancellation of the instrument will redound to the benefit of all the plain-

tiffs, but appellants and the other defendants can raise no valid objection to that result. All the children will share equally.

The decree is affirmed at appellants' cost.