Huntingdon Valley Trust Company et al. *v.* Norristown–Penn Trust Company, Appellant.

Argued January 17, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Desmond J. McTighe,* with him *Henry I. Fox,* of *Fox & McTighe,* for appellant.

*Edward M. Hawes,* with him *Randolph W. Childs* and *Charles N. Moffett,* for appellees.

OPINION BY MR. JUSTICE DREW, January 31, 1938:

For many years prior to his death in 1933, Gilbert R. Fox was indebted to the defendant trust company on several demand collateral notes, to secure which he had pledged with the trust company a $15,000 mortgage on certain premises in Norristown. Under the terms of the notes the pledgee was authorized, upon default, "to sell either at the Broker's Board or at public or private sale, without any previous demand . . . or notice" to the pledgor. The trust company was expressly empowered to become the purchaser at any such sale provided it was the highest bidder.

Following Fox's death, his personal representative defaulted in the payment of interest on the several notes held by defendant. On January 9, 1934, the latter notified the attorney for Fox's estate of its intention to sell the mortgage "at public sale at the office of the Pennsylvania Real Estate Exchange," a wholly-owned subsidiary of defendant having its offices on the second floor of defendant's building, on January 15, 1934. No notice of the intended sale was given to real estate brokers, nor to any other persons who might have been

interested. No advertisement of any kind was had in any legal publication or newspaper of general circulation. A copy of the letter of notice to the estate's attorney posted on the door of the Real Estate Exchange was the only publication of any kind. The sale was had pursuant to the notice. Two representatives of defendant were the only persons present; one purchased the property in behalf of his principal for the nominal sum of twenty-five dollars. Shortly thereafter defendant instituted foreclosure proceedings, finally becoming the purchaser of the property for $19,100. Several months later it sold the property for $17,000, of which $2,000 was paid in cash, the remainder being represented by a purchase-money mortgage. The indebtedness of the Fox estate to defendant at the time of the latter sale totaled $11,662.79.

The present bill in equity was brought by the personal representative of the deceased pledgor and the Huntingdon Valley Trust Company, the largest creditor of the pledgor's insolvent estate. Upon the principle that the pledgee may not make a profit out of the pledge without liability to account to the pledgor, plaintiffs sought an accounting and a decree for the overplus realized by defendant upon the disposition of its collateral security. The court below granted the relief prayed for, and defendant has appealed.

We think the decree must be affirmed. Defendant was empowered to sell the security at either public or private sale. In fact it did neither. Admittedly no public sale was had, and no one contends that the transaction constituted a private sale. While defendant was not required to make prior demand or give notice it did notify the estate's attorney of a public sale. Under the circumstances, the representatives of the estate were entitled to assume that a public sale would be had. Where a pledgee, under an agreement such as the present, elects to sell stock pledged as collateral for a debt at public sale, he is bound to invite the public to attend

and give the opportunity for public competitive bidding: *Finley v. Insurance Finance Corp.*, 106 Pa. Super. Ct. 314, and cases there cited. *Colonial Trust Co. v. Central Trust Co.*, 243 Pa. 268, relied upon by appellant, is not controlling in view of the absence of any such promise of a public sale. The present sale was invalid and in so far as the rights of the estate were concerned, the mortgage was unaffected and continued to be subject to the provisions of the collateral agreement. On the other hand, defendant had the right to foreclose and take title for itself: *Gordon v. Mohawk Bond and Mortgage Co.*, 317 Pa. 257. The only result, however, would be to work a change in the pledgee's security. Such being the case, defendant held the title subject to the terms and conditions of the agreement. Defendant's subsequent sale of the property must be treated as a private sale under the agreement, and no objection is made by plaintiffs of any inadequacy of price or any other defect in the sale. It follows that defendant is accountable for the difference between the proceeds of its sale of the security and the amount of the pledgor's indebtedness. In the present case defendant's liability for the overplus was fixed upon the basis of the sale to the third party rather than upon its own purchase at the sheriff's sale. This basis favored defendant and plaintiffs do not complain.

Provisions in a collateral agreement for the sale of the assets pledged contemplate a sale for cash. The court below correctly held that defendant's acceptance of a mortgage for the greater part of the purchase price was upon its own responsibility and risk, and that it must account upon a cash basis.

The Huntingdon Valley Trust Company is merely a creditor of the estate, and is not a necessary party to the present bill. The decree of the court below was in favor of Fox's executrix, to the end that the proceeds might be equitably distributed among all of the estate's creditors. No other course would have been proper.

The record is replete with evidence tending to show the conduct of the corporate plaintiff throughout the transactions already outlined, from which defendant argues that it is protected upon principles of estoppel and ratification. Regardless of the propriety of the argument to the Huntingdon Valley Trust Company, it is clear that there is no such evidence militating against the claim of the executrix. That the award to the latter will indirectly redound to the benefit of the corporate plaintiff is of no avail to defendant: *Rotter v. Martin*, 321 Pa. 552.

The decree is affirmed at appellant's cost.