## Adamo Estate

*Stanton C. Fogie,* for accountant.

*Richard I. Nassau,* for lien creditor.

Cox, J., June 13, 1952.—The question in this case is whether an executor of a decedent's estate is relieved by the Fiduciaries Act of 1949 from liability to surcharge where he has made advance distribution from the residuum of the proceeds from the private sale of decedent's real estate to a devisee whose distributive share is subject to the lien of a judgment entered against him subsquent to decedent's death and prior to the executor's sale of the real estate.

Angelina Adamo, also known as Angelina Adams, a resident of Allegheny County, Pa., died testate on November 2, 1950. Her will, dated October 6, 1950, was probated on March 8, 1951, by the Register of Wills of Allegheny County, and on the same date letters testamentary were granted to her son, Jack Adams, also known as Jack Adamo, who was named executor therein. The dispositive provisions of decedent's will are as follows:

"Second.—I give, devise and bequeath unto my four sons in equal shares after my just debts and funeral expenses are paid, all my real estate, household goods, monies, wearing apparel, personal effects and/or all my possessions. These sons are as follows: John Adamo known as John Adams, Jack Adamo or James Adams known as Jack Adams, Anthony Adamo known as Anthony Adams, Joseph Adamo known as Joseph Adams."

The only asset in decedent's estate was a house and lot, which, with the consent of her devisees, the executor sold at private sale, without order of court, for the payment of her debts. The gross sale price was $6,500, and the balance remaining after the expenses

of the sale was $6,090.48. This sale was consummated on the evening of April 27, 1951, in the law office of Stanton C. Fogie, attorney for the executor. The next day, in the office of Mr. Fogie, decedent's executor delivered a check in the amount of $800 to Anthony Adamo, one of decedent's devisees, which was intended to be an advance distribution of the entire share Anthony Adamo would take in decedent's estate.

Decedent's executor filed his account on October 11, 1951. At the audit hearing, on December 17, 1951, Joseph Sacco and Theresa Sacco, through counsel, claimed the entire distributive share of Anthony Adamo in decedent's estate in the amount of $962.86. This claim is based on a judgment which claimants entered in March 8, 1951, against Anthony Adamo in the Court of Common Pleas of Allegheny County, in the amount of $1,214.86. On June 12, 1951, claimants issued an attachment execution against Anthony Adamo and served it on the executor as garnishee, for the purpose of attaching the distributive share of Anthony Adamo in decedent's estate. The executor-garnishee, in his answer to the interrogatories, denied that he had any funds in his possession belonging to Anthony Adamo. Nothing further was done in this proceeding prior to the audit of the executor's account in the decedent's estate. Since then claimants have discontinued the attachment execution proceeding, and now rely in support of their claim solely on their contention that the judgment entered by them against Anthony Adamo was a lien on the estate he took in decedent's real estate as a devisee, and that, on the divestiture of his estate therein and claimant's judgment lien thereon by the executor's sale of decedent's real estate, a lien attached on the claimants' behalf to the distributive share of Anthony Adamo in the residuum of the proceeds from the sale.

The executor contends that, by reason of the changes made in the preëxisting law relating to the settlement of decedents' estates by the Fiduciaries Act of April 18, 1949, P. L. 512, the sale of decedent's real estate divested claimants' judgment lien on the estate of Anthony Adamo therein, and that the proceeds of the sale became personalty and, having none of the attributes of realty, no lien attached to the distributive share of Anthony Adamo therein on behalf of claimants by reason of their judgment against him. The executor contends further that, after the sale of decedent's real estate, claimants were in no better position than any other creditor of Anthony Adamo and, in order to perfect a lien against his distributive share in the residuum of the proceeds from the sale of decedent's real estate, it was necessary for them to issue an attachment execution on their judgment and attach his distributive share in the residuum of the proceeds from the sale in the executor's hands as garnishee. The executor concludes his argument by asserting that, in the absence of such an attachment, he was privileged to distribute the share of Anthony Adamo or any part thereof in the residuum of the proceeds from the sale of decedent's real estate to him prior to the filing of an account and its audit by the orphans' court, and that he is not subject to surcharge because of his having made an advance distribution of $800 to him.

Anthony Adamo was not represented by counsel in this proceeding.

Two basic changes, important to a decision in this case, were made in the preëxisting law relating to the settlement of decedents' estates by the Fiduciaries Act of 1949. The primary liability of a decedent's personal estate for payment of his debts and the secondary liability of his real estate for the same purpose were abolished, and both classes of property were made

equally liable. A decedent's real estate, as well as his personal estate, was brought within the authority of his personal representative and the jurisdiction of the orphans' court charged with supervision of the settlement of his estate, regardless of the adequacy of his personal estate for payment of his debts or the absence of a provision in his will authorizing or directing his executor to convert his real estate. These changes were made to facilitate the settlement of decedents' estates. They were not intended to change the long-established principle of law that a decedent's entire estate, personal and real, is liable for his debts and only the residuum passes to his heirs, legatees, and devisees (Horner and Roberts v. Hasbrouck, 41 Pa. 169), nor were they intended to change the quantity, quality, or nature of the estate a decedent's heir or devisee takes in his real estate on his death.

It was for this reason the legislature provided in section 103 of the Fiduciaries Act of April 18, 1949, P. L. 512, that on a decedent's death the title to his personal estate passes to his personal representative, and in section 104 that title to his real estate passes to his heirs, or devisees "subject however to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the Court". These sections are declaratory of preëxisting law and were spelled out by the legislature in order to obviate any question as to the identity of the persons to whom title to a decedent's personal and real estate passes on his death. The estate which an heir or devisee takes in a decedent's real estate under the Fiduciaries Act of 1949, therefore, is identical with that which he took under the Fiduciaries Act of June 7, 1917. It is a freehold estate, subject to divestiture by the sale of decedent's real estate by his personal representative during the settlement of his estate.

On the death of Angelina Adamo, therefore, Anthony Adamo took a freehold estate in one fourth of her real estate under the devise to him contained in her will. Under the long-established principles of our law the judgment entered by claimants against Anthony Adamo after decedent's death, and prior to the sale of her real estate by her executor, was a lien on the estate which Anthony Adamo took in her real estate on her death. The executor of Angelina Adamo sold the real estate of which she died seized at private sale and without order of court, under section 541 of the Fiduciaries Act of 1949. As a result of the operation of section 547 of the act, which provides: ". . . any sale, . . . by him, (a personal representative of a decedent) . . . shall pass the full title of the decedent therein, . . . discharged . . . from all claims of distributees and of persons claiming in their right . . .", both the estate of Anthony Adamo in the real estate of which Angelina Adamo died seized and the judgment lien of claimants against his estate therein were divested by the executor's sale.

For the purpose of inheritance the residuum of the proceeds from the sale of decedent's real estate after payment of debts remained real estate, which decedent's devisees, among whom was Anthony Adamo, were entitled to take. As between Anthony Adamo and claimants, his share of the residuum of the proceeds of the sale remained real estate, and a lien thereon attached immediately on the sale on behalf of claimants, by reason of their previously entered judgment: Lyons' Estate, 10 Dauph. 219; Miller's Estate, 6 Luz. 75. This lien was in excess of Anthony Adamo's distributive share in the proceeds from the sale of decedent's real estate. It was unnecessary for claimants, therefore, as asserted by the executor, to issue an attachment execution on their judgment against Anthony Adamo and serve it on the executor

as garnishee, in order to make their judgment a lien against his distributive share in the residuum of the proceeds from the sale of decedent's real estate.

The Fiduciaries Act of 1949 does not now, and the Fiduciaries Act of 1917 did not heretofore, authorize a decedent's personal representative to make distribution of his estate to his heirs, devisees, or legatees, except under an order of distribution entered by the orphans' court supervising his administration of decedent's estate. A distribution made under an order of court protects the personal representative from personal liability to anyone claiming to be a distributee. If a decedent's personal representative makes distribution without order of the orphans' court he assumes the risk and is surchargeable if he distributes to one not entitled to distribution: White's Estate, 322 Pa. 85.

In the instant case, six months after the death of decedent, four months after the probate of her will and the grant of letters, and the day after consummation of the sale of decedent's real estate at private sale without order of court, before paying any of decedent's debts or filing his account and having it audited, the executor distributed $800 to Anthony Adamo, intending thereby to distribute to him the entire distributive share in the residuum of the proceeds from the sale of decedent's real estate represented by him as a devisee in decedent's will. Although both the executor and Anthony Adamo testified that they did not know that claimants had entered a judgment of record against Anthony Adamo, and that the distribution to Anthony Adamo was not made for the purpose of defeating the lien rights of claimants on the sum distributed, the circumstances are highly suspicious, and illustrate the opportunity which would be afforded a conniving executor and devisee to defeat the claim of a lien creditor of a devisee, if the contention of the executor were to be sustained that· distribution in a

decedent's estate could be made by his executor to decedent's distributees at any time, without the executor assuming the risk incident thereto.

Claimants assert that they did not know that the executor had entered into an agreement to sell decedent's real estate at private sale without order of court. Having entered and having had properly indexed in the Court of Common Pleas of Allegheny County their judgment against Anthony Adam, claimants did all that was required of them by the law to make their claim against him a lien on his share of the proceeds of the sale of decedent's real estate. It would have been futile for them to have issued an execution and sold Anthony Adamo's estate in decedent's real estate prior to the settlement of decedent's estate and distribution to him thereof by decree of the orphans' court. If they had done so, the title which a purchaser at the sale would have taken would have been divested by the subsequent sale by the executor for payment of the decedent's debts: Desher et al. v. Allentown Water Company et al., 52 Pa. 225. Claimants were guilty of no laches. They notified the executor of their lien prior to the filing of his account, and appeared in court at the audit to present their claim. This was all they were required to do by the law.

The claim of Joseph Sacco and Theresa Sacco to the entire distributive share of Anthony Adamo in the residuum from the proceeds of the sale of decedent's real estate is valid and is allowed. The executor will be surcharged in the amount of $800, that part of the share of Anthony Adamo which the executor unlawfully distributed to him prior to the filing of his account and its audit.